**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SANTANDER CONSUMER USA INC.,<br><br>             Plaintiff,<br><br>    v.<br><br>CITY OF BOSTON, MA, CITYSIDE ENTERPRISES INC., AND COLLEEN OGILVIE IN HER OFFICIAL CAPACITY AS REGISTRAR OF MOTOR VEHICLES FOR THE COMMONWEALTH OF MASSACHUSETTS,<br><br>             Defendants. | (Electronically Filed)<br><br>Civil Case No.:<br><br>**COMPLAINT** |

Plaintiff, Santander Consumer USA Inc. ("Santander"), as and for its Complaint against Defendants, City of Boston, Massachusetts ("Boston"), CitySide Enterprises, Inc. ("Cityside"), and Colleen Ogilvie in her official capacity as Registrar of Motor Vehicles for the Commonwealth of Massachusetts, alleges:

## NATURE OF ACTION

1.      Boston regularly seizes vehicles as part of its law enforcement activity but has no constitutionally appropriate procedure for disposing of seized vehicles consistent with the basic due process requirements of notice and a hearing. Instead, Boston employs the outdated and constitutionally unsound practice of summarily turning over control seized vehicles to the private company that towed and stored the vehicle when Boston seized it. In this regard, Boston's policy is to enlist a garage to tow and store vehicles and allow those garages to lien and/or sell the vehicle as a means to cover the costs of towing and storage.

2.      Boston's policy and practice of summarily turning over seized vehicles to private tow companies is a joint enterprise with CitySide and other tow companies, from which Boston

benefits by avoiding the cost of preserving the seized vehicles and by avoiding the cost of having to pay for towing services, because the tow company accepts the vehicle as compensation for the services it renders to Boston in lieu of money. The tow company benefits by using its control over the vehicle (created under the mantle of Boston's authority) to profit by selling the vehicle or by conditioning release of the vehicle upon payment of money to the tow company.

3.      Here, after seizing a vehicle on which Santander holds a lien, Boston afforded no due process to Santander and instead summarily disposed of its interests in that vehicle by giving it to Cityside as payment for the services that Boston had contracted Cityside to provide. Cityside accepted the vehicle from Boston as compensation, asserted an *ex parte* lien for those services, demanded that Santander satisfy that *ex parte* lien—which Cityside insisted took priority over Santander's lien—before it would relinquish possession of Santander's collateral.

4.      At no time was Santander afforded notice, a hearing, or just compensation for Boston's deprivation of Santander's rights in its collateral.   Boston's actions contravened an order of this Court declaring the statute on which it relied facially unconstitutional for failing to provide due process to lienholders before selling their collateral.  American Honda Fin. Corp. v. City of Revere, 471 F.Supp.3d 399, 409 (2020) ("the Statute as written and as applied is unconstitutional") (referring to Mass. Gen. Laws ch. 255, § 39A (the "Statute")).

5.      Furthermore, Colleen Ogilvie, in her official capacity as Registrar of Motor Vehicles for the Commonwealth of Massachusetts, continues to process titles for sale of impounded vehicles under the Statute even though it has been held facially unconstitutional because it fails to provide prior-perfected lienholders with their constitutional right to procedural due process, in that it calls for no notice to lienholders *at all*, much less a fair and adequate hearing.

## JURISDICTION AND VENUE

6.     This is a civil rights action pursuant to 42 U.S.C. §§ 1983 and 1988 for deprivation of Santander's rights secured by the Fourth, Fifth and the Fourteenth Amendments to the United States Constitution, and accordingly jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), as well as 28 U.S.C. § 1331.

7.     The remaining causes of action are appropriate pursuant to 28 U.S.C. § 1367 for interrelated state law claims that arise from the occurrences giving rise to the Federal claims, which have a common nucleus of operative fact.

8.     Venue lies in the Court pursuant to 28 U.S.C. § 1391(b)(1), because the Defendants reside in this district, and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

9.     Plaintiff, Santander, is a corporation incorporated in the State of Illinois, in the business of taking assignments of retail installment contracts and holding the associated lien interests in vehicles, including being the duly perfected lienholder in the vehicle which is the subject of this action, a 2017 GMC Acadia bearing VIN 1GKKNSLA5HZ274588 (the "Vehicle").

10.     Defendant, Boston, is a municipality organized and existing under the laws of the Commonwealth of Massachusetts.

11.     Defendant, Cityside, is upon information and belief, a corporation incorporated in the Commonwealth of Massachusetts which is engaged in the business of towing and storing motor vehicles.

12.     Defendant, Colleen Ogilvie, is the Registrar of Motor Vehicles for the Commonwealth of Massachusetts. As Registrar, Colleen Ogilvie, is the executive and administrative head of the Massachusetts Registry of Motor Vehicles, which amongst other things is responsible for processing titles of motor vehicles in Massachusetts. Plaintiff brings this action against the Defendant, Colleen Ogilvie, in her official capacity as the Registrar of the Commonwealth of Massachusetts, for prospective injunctive relief.

## FACTS

**Santander's interest in the Vehicle**

13.     Santander holds a duly perfected security interest in the Vehicle.

14.     Before November 10, 2021, and before any other facts relevant to this action, non-party Jamal H. McIntyre (the "Customer") entered into a retail installment contract to finance the purchase of the Vehicle, which contract was assigned to Santander. By virtue of that transaction, Santander obtained and perfected a security interest in the Vehicle.

15.     Before, on, and after November 10, 2021, Santander held and continues to hold a first priority lien interest in the Vehicle, which has been duly recorded on the title to the Vehicle.

16.     By virtue of Boston's seizure of the Vehicle, and by virtue of amounts Cityside claimed by way of possessory lien on the Vehicle, the Customer was in non-monetary default of the terms of the retail installment contract, thereafter entitling Santander to immediate possession of the Vehicle.

17.     The Customer also defaulted on the payment obligations under the retail installment contract, thereafter entitling Santander to immediate possession of the Vehicle.

4

**Boston seized the Vehicle, in which Santander held a protected interest, and gave it to Cityside for disposal**

18.     On or about November 10, 2021, Cityside actively and regularly towed and stored vehicles at the direction of Boston police officers acting in the regular course of their duties as law enforcement officers.

19.     On or about November 10, 2021, Boston took custody of the Vehicle and instructed Cityside to tow it from the roadway and store it at Boston's direction.

20.     Santander had no involvement with or knowledge of the operation of the Vehicle at the time it was seized by Boston Police and/or Cityside.

21.     Boston did not have a warrant or other court order relating to its seizure of the Vehicle.

22.     Boston did not notify Santander of its seizure of the Vehicle and its request that Cityside tow the Vehicle either before or shortly after seizing it and instructing Cityside to tow it.

23.     Boston did not hold any hearing relating to its seizure of the Vehicle, either before or after seizing it and instructing Cityside to tow it.

24.     In or about December 2021, Santander discovered that the Vehicle had been impounded.  Specifically, Santander received a letter post-marked December 15, 2021, from Cityside stating that "the Boston Police has ordered a motor vehicle towed" that "has not yet been retrieved," which stated:

> TOTAL CHARGES AS OF THIS MAILING $1745.53 You are responsible for the charges and removing the vehicle from our yard. It is to your advantage to act quickly since additional fees for storage are accumulating daily.
>
> Please note the Massachusetts State Law:
> Chapter 90 section 22B, acts of 1963, which reads as follows.
> The Commonwealth of Massachusetts
> 22B.  ABANDONMENT OF MOTOR VEHICLE; PENALTIES

Whoever abandons a motor vehicle on any public or private way or on any property other than his/her own without the permission shall be reported by the court to the registrar, who may revoke for a period of one year the license and registration of any person who abandons a motor vehicle and no appeal motion for a new trial or exceptions shall operate the revocation of the license or registration.

If the above vehicle is not claimed within 30 days of the date of this letter.
We will proceed with legal action.
This is not going to go away.

25.     Upon learning that the Vehicle was impounded, Santander demanded that the Vehicle be released to it, and Cityside refused unless Santander paid the fees demanded by Cityside in order to recover the Vehicle.

26.     When Santander contacted Cityside to recover the Vehicle, Cityside demanded payment of towing and storage charges as a condition for release of the Vehicle.

27.     Cityside sent a subsequent letter including the same language, and demanding $5,845.53 in exchange for possession of the Vehicle.

28.     Cityside asserted that it was able to detain the Vehicle from Santander because Cityside claimed a lien on the Vehicle for towing and storage charges.

29.     Defendants also placed other conditions on the release of the Vehicle to Santander.

30.     Boston did not have a warrant or other court order relating to the detention of the Vehicle nor the conditions placed on the release of the Vehicle.

31.     Boston did not hold any hearing relating to the detention of the Vehicle nor the conditions placed on the release of the Vehicle.

32.     Santander did not pay the fees demanded by Cityside and did not comply with any other conditions placed on the release of the Vehicle, and Cityside refused to release the Vehicle to Santander.

33.    Upon information and belief, Cityside thereafter sold the Vehicle and retained the entirety of the proceeds of that sale.

34.    Boston benefited from Cityside's detention of the Vehicle, in that Boston obtained Cityside's impound storage services, as well as Cityside's towing services to clear the roadway, with no payment (or reduced payment) of money from Boston to Cityside.

35.    Cityside only possessed the Vehicle by virtue of its relationship with Boston and acted in concert with Boston to seize, detain and dispose of the Vehicle. Cityside had no other right to remove the Vehicle from the roadway and hold it against anyone. Cityside, therefore, acted under color of law when it towed, stored and/or disposed of the Vehicle.

36.    There is no law which requires Santander to pay Boston's towing and storage bill for Cityside's alleged services, or to comply with the other conditions placed by Defendants on the release of the Vehicle.

37.    The Vehicle was not "abandoned," as Cityside's letters claimed, under any definition of that word.

38.    To the extent Boston or Cityside seek to rely on any Commonwealth of Massachusetts law or local ordinance to justify their conduct, Defendants did not comply with those laws.  In the alternative, to the extent Boston or Cityside show compliance with any State law, those laws would be unconstitutional as applied to the circumstances under which Defendants seek to utilize them, *i.e.* as applied to Defendants' seizure and detention of the Vehicle.

39.    As the district of Massachusetts had ***already*** held prior to Boston and Cityside's actions as to the Vehicle, the sale of a seized vehicle by a municipal towing contractor without any form of constitutionally adequate notice or any opportunity for a hearing for a lienholder

prior to the sale of an unclaimed vehicle is unconstitutional.  Am. Honda Fin. Corp. v. City of Revere, 471 F. Supp. 3d 399, 410 (D. Mass. 2020) (also referred to as "*Revere*").

**Boston's and Cityside's regular policies, customs and/or practices for the detention and disposal of seized vehicles**

40.     Boston and Cityside's conduct in relation to Santander and the Vehicle on and after November 10, 2021, comported with both Boston's and Cityside's regular policies, customs and/or practices for the handling of Vehicles encountered and impounded under the same or similar circumstances.

41.     Boston carries out its essential functions through its own police, who, among other things, seize vehicles for a variety of reasons ranging from alleged criminal infractions to parking violations.

42.     Boston delegates a portion of the performance of these essential functions to Cityside. Specifically, Boston police utilize Cityside to tow away, store and dispose of vehicles seized by Boston police acting in the course of their duties as law enforcement officers.   In essence, Cityside is Boston's vehicle impound contractor for the area relevant to this action.

43.     Pursuant to this relationship, Boston exercises governmental authority to seize vehicles in concert with Cityside.

44.     Regardless of the reason for Boston's initial seizure of a given vehicle, Boston does not return those vehicles to a person with a preexisting property interest when the justification for Boston's seizure has passed.   Instead, Boston places seized vehicles in the possession of its tow operators, including Cityside, for storage and ultimate disposal, permitting Cityside to assert an *ex parte* possessory lien to secure payment of charges relating to the towing, storage, and disposal of the seized vehicles, and to place other conditions on the release of such vehicles.

45.     Cityside accepts the seized vehicles from Boston as either partial or total payment for the towing and storage services Cityside provides to Boston.

46.     Rather than receiving monetary compensation from Boston for the services Boston has contracted Cityside to provide, Cityside instead impresses an *ex parte* possessory lien for towing and storage fees, which it claims supersedes any other persons' rights in these vehicles.

47.     After assessing an *ex parte* possessory lien on impounded vehicles, Cityside refuses to return possession of the vehicles to any other person, even those with pre-existing property rights in the vehicles, while claiming additional daily storages charges.

48.     To effectuate eventual disposal of an impounded vehicle, Defendants insist persons with preexisting property interests satisfy Cityside's *ex parte* possessory lien, and further assert that if this unilateral condition is not satisfied, Defendants can take title to, and/or sell, the impounded vehicles and eliminate all other persons interest in those vehicles.

49.     Boston benefits from Cityside's assertion of an *ex parte* lien on, and eventual sale of, seized vehicles. Without Cityside's conduct, Boston would be forced to pay monetary consideration to Cityside for the services Cityside provides Boston instead of compensating Cityside with possession and authority to assert a lien on the impounded vehicles.  Moreover, upon information and belief, Cityside pays a portion of the proceeds it obtains from others back to Boston as part of its agreement(s) with Boston.

50.     It is Boston's and Cityside's regular policy and custom, in the course of the above-described conduct, to not obtain a warrant for any of the following actions (for which no valid exception to the warrant requirement exists):

A.      Boston's initial seizure of a vehicle;

B.      Boston's turnover of possession of a vehicle to Cityside;

C.      Boston and/or Cityside's continued detention of a vehicle while Cityside asserts an *ex parte* possessory lien and Defendants place other conditions on the release of such a vehicle; and

D.      Cityside taking title to, and/or selling, a vehicle while terminating all property interests in a vehicle.

51.     Even if the initial seizure of the vehicles in question were made under a valid exception to the Fourth Amendment's warrant requirement, a (possibly) valid initial warrantless seizure does not justify any action Boston or Cityside decide to take thereafter, as referenced in ¶ 50 (B-D), *supra*. Rather, Boston and Cityside's subsequent actions render the seizures unreasonable in their manner of execution, even if done with an initially valid exception to the warrant requirement.

52.     It is also Boston's and Cityside's regular policy and custom, in the course of the above-described conduct, to not provide any form of constitutionally adequate notice, nor any hearing whatsoever, in relation to any of the following actions:

A.      Boston's initial seizure of a vehicle;

B.      Boston's turnover of possession of a vehicle to Cityside;

C.      Boston and/or Cityside's continued detention of a vehicle while Cityside asserts an ex parte possessory lien and Defendants place other conditions on the release of such a vehicle; and

D.      Cityside taking title to, and/or selling, a vehicle while terminating all property interests in a vehicle.

53.     Any *notification(s)* transmitted by Boston and/or Cityside relating to the conduct referenced in ¶ 52 (A)-(D) does not satisfy the constitutional due process requirement of *notice*, because these communications are merely notifications of Boston's and/or Cityside's unilateral demands, and not notice of an opportunity to be heard (which does not occur).

54.     Boston does not compensate persons with pre-existing property interests for its use of such seized vehicles, *i.e.* Boston's use of seized vehicles to compensate Cityside.

55.     These actions, all taken in accordance with Boston's and Cityside's regular policies and customs for seizing and disposing of seized motor vehicles, violate the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

56.     Boston and Cityside knew or should have known that their actions violated the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

57.     These actions, all taken in accordance with Boston's and Cityside's regular policies and customs for seizing and disposing of seized motor vehicles, violate the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

**Colleen Ogilvie's ongoing and continuous violation of federal law by continuing to process titles for the sale of impounded vehicles buyers under Massachusetts General Laws c. 255, § 39A, a statue which has been held unconstitutional because it fails to provide prior lienholders with their constitutional rights to adequate notice and a fair hearing.**

58.     In conjunction with the unconstitutional detention and sale of the Vehicle by Boston and Cityside, it has been and continues to be, Colleen Ogilvie's ongoing and continuous policy and custom, in her official capacity as the Registrar of Motor Vehicles for the Commonwealth of Massachusetts, to continue to process motor vehicle titles to buyers of the vehicles impounded by Boston, Cityside, and others under Mass. Gen. L. c. 255, § 39A, even though that statute has been held to be unconstitutional by the *Revere* Court.

59.     Most importantly, the ongoing and continuous processing of titles under Mass. Gen. L. ch. 255, § 39A, by Colleen Ogilvie, in her official capacity as the Registrar of Motor Vehicles for the Commonwealth of Massachusetts, fails to provide adequate notice or any opportunity for a hearing to any party with a property interest in a towed vehicle, such as

Santander, prior to the sale of the impounded vehicle and the associated hearing-free destruction of their property interests in that impounded vehicle.

60.     Colleen Ogilvie knew or should have known that the *Revere* Court held that Mass. Gen. L. ch. 255, § 39A is unconstitutional.

61.     Colleen Ogilvie knew or should have known that her actions assisted and caused the violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

**COUNT I**
**Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983**
**(Deprivation of Property by Unreasonable Seizure)**
**(as against Boston and Cityside)**

62.     Santander realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

63.     Santander is the holder of a protected property interest in the Vehicle.

64.     Boston and Cityside meaningfully interfered with Santander's protected interest in the Vehicle by towing it, detaining it, withholding possession from Santander, demanding payment and other conditions for release of it, and threatening to ultimately take ownership of it free from Santander's lien.

65.     By these actions, Boston and Cityside acted under color of law to seize the Vehicle within the meaning of the Fourth Amendment to the United States' Constitution.

66.     Boston and Cityside's seizure of the Vehicle was unaccompanied by a warrant.

67.     Boston and Cityside's seizure of the Vehicle was unaccompanied by any legitimate exception to the warrant requirement. Alternatively, to the extent the initial seizure was accompanied by any arguably legitimate exception to the warrant requirement, it was carried out in an unreasonable manner of execution insofar as the seizure exceeded the scope necessary

to complete any legitimate task associated with the purported warrant exception for which the vehicle was seized.

68.     Boston and Cityside's seizure of the Vehicle was unreasonable in violation of the Fourth Amendment to the United States' Constitution.

69.     Boston and Cityside's unreasonable seizure of the Vehicle was accomplished in accordance with the Boston and Cityside's standard policy and/or custom for the handling and disposal of seized vehicles.

70.     As a direct and proximate result of Boston's and Cityside's violation of Santander's Constitutional right to be free from unreasonable seizures, Santander has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its finance of the Vehicle, and other damages.

71.     Santander is, therefore, entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE,** Santander prays for (i) judgment against Defendants Boston and Cityside, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages (as to Cityside only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and (ii) a declaration pursuant to 28 U.S.C. § 2201-2202 that, to the extent Defendants' actions comport with their ordinary policies that they intend to continue, those policies violate the constitutional rights of persons subjected to those policies; and (iii) such other and further relief as the Court deems just and proper.

## COUNT II
### Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983
### (Deprivation of Property Without Due Process of Law)
### (as against Boston and Cityside's)

72.     Santander realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

73.     Santander is the holder of a protected property interest in the Vehicle.

74.     Boston and/or Cityside's actions resulted in the deprivation of Santander's protected property interests in the Vehicle.

75.     Neither Boston nor Cityside had any mechanism for, nor did either secure, review of any of either Defendants' actions in relation to the Vehicle before a judge or other neutral decisionmaker.

76.     Neither Boston nor Cityside provided Santander for an opportunity to be heard in relation to any of either Defendants' actions in relation to the Vehicle in any venue at any time.

77.     Because neither Boston nor Cityside provided any mechanism for, nor did either secure, review of any of either Defendants' actions in relation to the Vehicle by a judge or other neutral decisionmaker, neither provided Santander with constitutionally adequate notice of that non-existent hearing procedure.

78.     The manner in which Santander became aware of Boston and Cityside's seizure of the Vehicle, as well as Cityside's continued possession of the Vehicle, did not constitute adequate notice for the purposes of due process.

79.     Boston and Cityside's deprivation of Santander's rights in the Vehicle was therefore accomplished without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

80.     Boston and Cityside's deprivations of Santander's rights in the Vehicle were accomplished in accordance with the Defendants' standard policy and/or custom for the handling and disposal of seized vehicles.

81.     As a direct and proximate result of Boston's and Cityside's violation of Santander's Constitutional right to be free from deprivations without due process of law, Santander has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its finance of the Vehicle, and other damages.

82.     Santander is, therefore, entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE,** Santander prays for (i) judgment against Defendants Boston and Cityside, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages (as to Cityside only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and (ii) a declaration pursuant to 28 U.S.C. § 2201-2202 that, to the extent Defendants' actions comport with their ordinary policies that they intend to continue, those policies violate the constitutional rights of persons subjected to those policies; and (iii) such other and further relief as the Court deems just and proper.

### COUNT III
**Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983**
**(Taking of Property Without Just Compensation)**
**(as against Boston)**

83.     Santander realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

84.     Santander is the holder of a protected property interest in the Vehicle.

85.    Boston compensated Cityside, in whole or in part, by turning over possession of the Vehicle to Cityside, who lawfully possessed the Vehicle only by virtue of having obtained it from Boston.

86.    Cityside accepted the Vehicle as compensation, in whole or in part, for the services it provided to Boston, namely the towing and storage of the Vehicle that Boston had seized.

87.    Boston destroyed Santander's priority lien in the Vehicle, and its possessory rights pursuant to its contract with its Customer, by turning over the Vehicle to Cityside and permitting it to assert a possessory lien that both Defendants asserted took priority over Santander's lien and prevented Santander from exercising its contractual possessory rights in the Vehicle.

88.    Boston thereby took Santander's interests in the Vehicle—its right to possession of the Vehicle and its lien priority in the Vehicle—for a public use.

89.    Boston did not compensate Santander for the taking of its interest in the Vehicle.

90.    Boston therefore took Santander's property for public use without just compensation in violation of the takings clause of the Fifth Amendment to the United States' Constitution.

91.    Boston's taking of Santander's rights in the Vehicle was accomplished in accordance with Boston's standard policy and/or custom for the handling and disposal of seized vehicles.

92.    As a direct and proximate result of Boston's violation of Santander's Constitutional right to be free from takings without just compensation, Santander has suffered

damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its finance of the Vehicle, and other damages.

93.    Santander is, therefore, entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE,** Santander prays for (i) judgment against Defendants Boston and Cityside, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages (as to Cityside only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and (ii) a declaration pursuant to 28 U.S.C. § 2201-2202 that, to the extent Defendants' actions comport with their ordinary policies that they intend to continue, those policies violate the constitutional rights of persons subjected to those policies; and (iii) such other and further relief as the Court deems just and proper.

**<u>COUNT IV</u>**
**Conversion**
**(as against Cityside only)**

94.    Santander incorporates herein by reference the allegations set forth in the above paragraphs, as if fully set forth herein.

95.    Santander has a lien in the Vehicle, and in accordance with its rights under its retail installment contract with the Customer, has become entitled to immediate possession of the Vehicle.

96.    Cityside has refused to surrender possession of the Vehicle to Santander, instead selling the Vehicle and retaining the entirety of the proceeds of that sale.

97.    By these actions, Cityside has purposefully, knowingly and/or intentionally exercised dominion and control over the Vehicle, wrongfully interfering with Santander's rights

to possession of the Vehicle and Santander's lien interest in the Vehicle, which was purportedly extinguished by Cityside's actions.

98.    Santander has suffered, and continues to suffer, damages as a result of Cityside's actions.

**WHEREFORE**, Santander prays for judgment against Defendant Cityside for actual damages, consequential damages, punitive damages, fees and costs of suit, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT V
### Tortious Interference
### (as against Cityside only)

99.    Santander incorporates herein by reference the allegations set forth in the above paragraphs, as if fully set forth herein.

100.    Cityside wrongful actions as set forth above constitute a knowing and intentional tortious interference with Santander's contractual relations and/or prospective economic advantage with respect to the Vehicle.

101.    Santander has suffered, and continues to suffer, damages as a result of Cityside actions.

**WHEREFORE**, Santander prays for judgment against Defendant Cityside for actual damages, consequential damages, punitive damages, fees and costs of suit, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT VI
### Prospective Injunctive Relief
### (as against Colleen Ogilvie, in her official capacity as the Registrar of Motor Vehicles for the Commonwealth of Massachusetts, only)

102.    Santander incorporates herein by reference the allegations set forth in the above paragraphs, as if fully set forth herein.

103.    Colleen Ogilvie's actions, in her official capacity as the Registrar of Motor Vehicles for the Commonwealth of Massachusetts, outlined above are an ongoing and continuous violation of federal law.

104.    Specifically, Colleen Ogilvie continues to process titles for the sale of impounded vehicles under Mass. Gen. L. ch. 255, § 39A, a statue which has been held unconstitutional because it fails to provide prior perfected lienholders with their constitutional rights to notice and an adequate hearing.

105.    Plaintiff requests an injunction prospectively restraining Colleen Ogilvie, in her official capacity as the Registrar of Motor Vehicles for the Commonwealth of Massachusetts, from the ongoing and continuous processing of titles under Mass. Gen. L. ch. 255, § 39A as the same was held to be unconstitutional and in violation of federal Law.

**WHEREFORE**, Santander prays for judgment against Defendant Colleen Ogilvie, in her official capacity as the Registrar of Motor Vehicles for the Commonwealth of Massachusetts, for prospective injunctive relief, and such other and further relief as the Court deems just and proper.

Dated: July 15, 2024

**Kiely & Ferrante, LLC**
*Attorneys for Plaintiff*

By:  /s/  Kevin Kiely
    Kevin J. Kiely, Esq.
    85 Eastern Avenue, Suite 306
    Gloucester, MA 01930
    (978) 314-1699
    kevin@oldharborlaw.com