## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SANTANDER CONSUMER USA INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **CITY OF BOSTON, MA, CITYSIDE** | ) **Docket No. 1:24-cv-11802-AK** |
| **ENTERPRISES INC., AND COLLEEN** | ) |
| **OGILVIE IN HER OFFICIAL CAPCITY** | ) |
| **AS REGISTRAR OF MOTOR VEHICLES** | ) |
| **FOR THE COMMONWEALTH OF** | ) |
| **MASSACHUSETTS,** | ) |
| | ) |
| **Defendants.** | ) |

### DEFENDANT CITYSIDE ENTERPRISES, INC.'S
### ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, Cityside Enterprises, Inc. ("Cityside" or "Defendant"), by and through its undersigned counsel, Rodrigues Law Group, LLC, and hereby submits its Answer to the Plaintiff's Complaint on file herein.

### NATURE OF ACTION

1.  Defendant states that the allegations contained in Paragraph 1 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 1 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 1 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 1 and calls upon Plaintiff to prove the same.

2.  Paragraph 2 states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 2 and calls upon Plaintiff to prove the same.

3.  Paragraph 3 states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 3 and calls upon Plaintiff to prove the same.

4.  Defendant states that the allegations contained in Paragraph 4 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 4 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 4 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 4 and calls upon Plaintiff to prove the same.

5.  Defendant states that the allegations contained in Paragraph 5 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 5 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 5 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 5 and calls upon Plaintiff to prove the same.

## **JURISDICTION AND VENUE**

6.  Paragraph 6 states a legal conclusion concerning jurisdiction and venue for which no answer is required.

7.  Paragraph 7 states a legal conclusion concerning jurisdiction and venue for which no answer is required.

8.  Paragraph 8 states a legal conclusion concerning jurisdiction and venue for which no answer is required.

## **PARTIES**

9.  Defendant is without sufficient information to admit or deny Paragraph 9.

10. Defendant is without sufficient information to admit or deny Paragraph 10.

11. Defendant admits the allegations contained in Paragraph 11.

12. Defendant is without sufficient information to admit or deny Paragraph 12.

## **FACTS**

**Defendant disagrees with the Plaintiff's characterization of this heading.**

13. Defendant is without sufficient information to admit or deny Paragraph 13 and calls upon Plaintiff to prove the same.

14. Defendant is without sufficient information to admit or deny Paragraph 14 and calls upon Plaintiff to prove the same.

15. Defendant is without sufficient information to admit or deny Paragraph 15 and calls upon Plaintiff to prove the same.

16. Defendant states that the allegations contained in Paragraph 16 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 16 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 16 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 16 and calls upon Plaintiff to prove the same.

17. Defendant is without sufficient information to admit or deny Paragraph 17 and calls upon Plaintiff to prove the same.

**Defendant disagrees with the Plaintiff's characterization of this heading.**

18. Defendant admits so much of Paragraph 18 that on or about November 10, 2021,

Defendant was authorized to perform involuntary towing services at the direction of Boston. As to the balance of Paragraph 18, Defendant is without sufficient information to admit or deny the same.

19. Defendant admits so much of Paragraph 19 that on or about November 10, 2021, Defendant towed the Vehicle at the instruction of Boston. As to the balance of Paragraph 19, Defendant is without sufficient information to admit or deny the same.

20. Defendant is without sufficient information to admit or deny Paragraph 20 and calls upon Plaintiff to prove the same.

21. Defendant states that the allegations contained in Paragraph 21 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 21 could imply the existence of facts to support a claim for relief against Defendant, they are denied.

22. Defendant states that the allegations contained in Paragraph 22 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 22 could imply the existence of facts to support a claim for relief against Defendant, they are denied.

23. Defendant states that the allegations contained in Paragraph 23 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 23 could imply the existence of facts to support a claim for relief against Defendant, they are denied.

24. Defendant is without sufficient information to admit or deny the allegations contained in the first sentence of Paragraph 24.  As to the balance of Paragraph 24, Defendant states the allegations refer to a document that speaks for itself, therefore, no response is

required.

25. Defendant admits the allegations contained in Paragraph 25.

26. Defendant admits the allegations contained in Paragraph 26.

27. Defendant states the allegations in Paragraph 27 refer to a document that speaks for itself, therefore, no response is required.

28. Defendant admits the allegations contained in Paragraph 28.

29. Defendant is without sufficient information to admit or deny Paragraph 29 and calls upon Plaintiff to prove the same.

30. Defendant states that the allegations contained in Paragraph 30 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 30 could imply the existence of facts to support a claim for relief against Defendant, they are denied.

31. Defendant states that the allegations contained in Paragraph 31 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 31 could imply the existence of facts to support a claim for relief against Defendant, they are denied.

32. Defendant admits the allegations contained in Paragraph 32.

33. Defendant admits the allegations contained in Paragraph 33.

34. Defendant states that the allegations contained in Paragraph 34 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 34 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 34 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations

contained in Paragraph 34 and calls upon Plaintiff to prove the same.

35. Defendant denies the allegations contained in Paragraph 35.

36. Defendant denies the allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

38. Paragraph 38 states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 38.

39. Paragraph 39 states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 39.

**Defendant disagrees with the Plaintiff's characterization of this heading.**

40. Defendant states that the allegations contained in Paragraph 40 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 40 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 40 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 40 and calls upon Plaintiff to prove the same.

41. Defendant states that the allegations contained in Paragraph 41 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 41 could imply the existence of facts to support a claim for relief against Defendant, they are denied.

42. Defendant states that the allegations contained in Paragraph 42 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 42 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 42 also states a legal conclusion for which no

answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 42 and calls upon Plaintiff to prove the same.

43. Paragraph 43 states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 43 and calls upon Plaintiff to prove the same.

44. Defendant states that the allegations contained in Paragraph 44 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 44 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 44 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 44 and calls upon Plaintiff to prove the same.

45. Defendant denies the allegations contained in Paragraph 45.

46. Paragraph 46 states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 46 and calls upon Plaintiff to prove the same.

47. Defendant denies the allegations contained in Paragraph 47.

48. Defendant denies the allegations contained in Paragraph 48.

49. Defendant states that the allegations contained in Paragraph 49 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 49 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 49 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 49 and calls upon Plaintiff to prove the same.

50. Defendant states that the allegations contained in Paragraph 50 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 50 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 50 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 50 and calls upon Plaintiff to prove the same.

51. Defendant states that the allegations contained in Paragraph 51 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 51 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 51 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 51 and calls upon Plaintiff to prove the same.

52. Defendant states that the allegations contained in Paragraph 52 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 52 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 52 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 52 and calls upon Plaintiff to prove the same.

53. Defendant states that the allegations contained in Paragraph 53 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 53 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 53 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations

contained in Paragraph 53 and calls upon Plaintiff to prove the same.

54. Defendant states that the allegations contained in Paragraph 54 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 54 could imply the existence of facts to support a claim for relief against Defendant, they are denied.

55. Paragraph 55 states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 55 and calls upon Plaintiff to prove the same.

56. Paragraph 56 states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 56 and calls upon Plaintiff to prove the same.

57. Paragraph 57 states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 57 and calls upon Plaintiff to prove the same.

**<u>Defendant disagrees with the Plaintiff's characterization of this heading.</u>**

58. Defendant states that the allegations contained in Paragraph 58 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 58 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 58 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 58 and calls upon Plaintiff to prove the same.

59. Defendant states that the allegations contained in Paragraph 59 are directed at another party, such that no response is required.  To the extent the allegations contained in

Paragraph 59 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 59 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 59 and calls upon Plaintiff to prove the same.

60. Defendant states that the allegations contained in Paragraph 60 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 60 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 60 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 60 and calls upon Plaintiff to prove the same.

61. Defendant states that the allegations contained in Paragraph 61 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 61 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 61 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 61 and calls upon Plaintiff to prove the same.

<u>**COUNT I**</u>
**Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983**
**(Deprivation of Property by Unreasonable Seizure)**
**(as against Boston and Cityside)**

62. Defendant incorporates by reference its responses to Paragraphs 1 – 61 of Plaintiff's Complaint as if fully stated herein.

63. Defendant is without sufficient information to admit or deny Paragraph 63 and calls upon Plaintiff to prove the same.

64. Defendant denies the allegations contained in Paragraph 64.

65. Defendant denies the allegations contained in Paragraph 65.

66. Defendant states that the allegations contained in Paragraph 66 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 66 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 66 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 66 and calls upon Plaintiff to prove the same.

67. Defendant states that the allegations contained in Paragraph 67 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 67 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 67 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 67 and calls upon Plaintiff to prove the same.

68. Defendant states that the allegations contained in Paragraph 68 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 68 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 68 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 68 and calls upon Plaintiff to prove the same.

69. Defendant denies the allegations contained in Paragraph 69.

70. Defendant denies the allegations contained in Paragraph 70.

71. Paragraph 71 states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 71 and

calls upon Plaintiff to prove the same.

## COUNT II
### Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983
### (Deprivation of Property Without Due Process of Law)
### (as against Boston and Cityside)

72. Defendant incorporates by reference its responses to Paragraphs 1 – 71 of Plaintiff's Complaint as if fully stated herein.

73. Defendant is without sufficient information to admit or deny Paragraph 73 and calls upon Plaintiff to prove the same.

74. Defendant states that the allegations contained in Paragraph 74 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 74 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 74 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 74 and calls upon Plaintiff to prove the same.

75. Defendant states that the allegations contained in Paragraph 75 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 75 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 75 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 75 and calls upon Plaintiff to prove the same.

76. Defendant states that the allegations contained in Paragraph 76 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 76 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 76 also states a legal conclusion for which no

answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 76 and calls upon Plaintiff to prove the same.

77. Defendant states that the allegations contained in Paragraph 77 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 77 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 77 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 77 and calls upon Plaintiff to prove the same.

78. Paragraph 78 states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 78 and calls upon Plaintiff to prove the same.

79. Defendant states that the allegations contained in Paragraph 79 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 79 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 79 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 79 and calls upon Plaintiff to prove the same.

80. Defendant states that the allegations contained in Paragraph 80 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 80 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 80 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 80 and calls upon Plaintiff to prove the same.

81. Defendant denies the allegations contained in Paragraph 81.

82. Paragraph 82 states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 82 and calls upon Plaintiff to prove the same.

**COUNT III**
**Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983**
**(Taking Property Without Just Compensation)**
**(as against Boston)**

83. Defendant incorporates by reference its responses to Paragraphs 1 – 82 of Plaintiff's Complaint as if fully stated herein.

84. Defendant is without sufficient information to admit or deny Paragraph 84 and calls upon Plaintiff to prove the same.

85. Defendant states that the allegations contained in Paragraph 85 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 85 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 85 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 85 and calls upon Plaintiff to prove the same.

86. Defendant denies the allegations contained within Paragraph 86.

87. Defendant states that the allegations contained in Paragraph 87 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 87 could imply the existence of facts to support a claim for relief against Defendant, they are denied.  Paragraph 87 also states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 87 and calls upon Plaintiff to prove the same.

88. Defendant states that the allegations contained in Paragraph 88 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 88 could imply the existence of facts to support a claim for relief against Defendant, they are denied.

89. Defendant states that the allegations contained in Paragraph 89 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 89 could imply the existence of facts to support a claim for relief against Defendant, they are denied.

90. Defendant states that the allegations contained in Paragraph 90 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 90 could imply the existence of facts to support a claim for relief against Defendant, they are denied.

91. Defendant states that the allegations contained in Paragraph 91 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 91 could imply the existence of facts to support a claim for relief against Defendant, they are denied.

92. Defendant states that the allegations contained in Paragraph 92 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 92 could imply the existence of facts to support a claim for relief against Defendant, they are denied.

93. Paragraph 93 states a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 93 and calls upon Plaintiff to prove the same.

**COUNT IV**
**Conversion**
**(as against Cityside only)**

94. Defendant incorporates by reference its responses to Paragraphs 1 – 93 of Plaintiff's Complaint as if fully stated herein.

95. Paragraph 95 states a legal conclusion for which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 95 and calls upon Plaintiff to prove the same.

96. Defendant admits so much of Paragraph 96 that it sold the Vehicle and retained the entirety of the proceeds of that sale but denies the remainder of Paragraph 96.

97. Paragraph 97 states a legal conclusion for which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 97 and calls upon Plaintiff to prove the same.

98. Defendant denies the allegations contained within Paragraph 98.

**COUNT V**
**Tortious Interference**
**(as against Cityside only)**

99. Defendant incorporates by reference its responses to Paragraphs 1 – 98 of Plaintiff's Complaint as if fully stated herein.

100. Paragraph 100 states a legal conclusion for which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 100 and calls upon Plaintiff to prove the same.

101. Defendant denies the allegations contained within Paragraph 101.

## COUNT VI
### Prospective Injunctive Relief
### (as against Colleen Ogilvie, in her official capacity as the Registrar of Motor Vehicles for the Commonwealth of Massachusetts, only)

102.     Defendant incorporates by reference its responses to Paragraphs 1 – 101 of Plaintiff's Complaint as if fully stated herein.

103.     Defendant states that the allegations contained in Paragraph 103 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 103 could imply the existence of facts to support a claim for relief against Defendant, they are denied.

104.     Defendant states that the allegations contained in Paragraph 104 are directed at another party, such that no response is required.  To the extent the allegations contained in Paragraph 104 could imply the existence of facts to support a claim for relief against Defendant, they are denied.

105.     Defendant states that the allegations contained in Paragraph 105 seeks injunctive relief against another party, such that no response is required from Defendant.

## AFFIRMATIVE DEFENSES

**Affirmative Defense #1.**     The Complaint fails to state a claim for which relief can be granted.

**Affirmative Defense #2.**     The Defendant is not liable to the Plaintiff under 42 U.S.C. § 1983 because the Defendant had no custom or policy of deliberate indifference to the commission of constitutional violations, and no such custom or policy was the cause of the particular deprivation alleged by the Plaintiff.

**Affirmative Defense #3.**   The Defendant is not liable to the Plaintiff as any alleged conduct on the part of the Defendant was not the proximate cause of the Plaintiff's alleged damages.

**Affirmative Defense #4.**   The Complaint fails on the grounds of Waiver.

**Affirmative Defense #5.**   The Complaint fails to name a proper count.

**Affirmative Defense #6.**   The Defendant is not liable to the Plaintiff as it provided adequate notice to the Plaintiff and a reasonable opportunity for Plaintiff to retrieve the Vehicle from Defendant's storage facility.

**Affirmative Defense #7.**   The Complaint must be dismissed due to lack of subject matter jurisdiction.

**Affirmative Defense #8.**   The Plaintiff has failed to join an indispensable party.

**Affirmative Defense #9.**   The Plaintiff purposefully abandoned the Vehicle at Defendant's storage facility.

**Affirmative Defense #10.**   The Plaintiff has not engaged in good faith and has unclean hands as it pertains to conduct alleged in this litigation and is therefore precluded from collecting any alleged damages from the Defendant.

**Affirmative Defense #11.**   The Defendant is not liable to the Plaintiff as Plaintiff's alleged damages and losses were caused by third parties who were not under the direction or control of the Defendant.

**Affirmative Defense #12.**   The Defendant reserves the right to amend this Answer to assert any applicable affirmative defenses which discovery may reveal appropriate.

## **JURY DEMAND**

Defendant demands a trial by jury as to all issues/claims so triable.


Respectfully Submitted,
The Defendant,
Cityside Enterprises, Inc.,
By Its Attorney,

Dated: August 29, 2024 /s/ *Jordan J. Rodrigues*
Jordan J. Rodrigues, Esq. – BBO# 696365
jordan@rodrigueslawgroup.com
Rodrigues Law Group, LLC
2499 Cranberry Highway, Suite 3
Wareham, MA 02571
Tel No.: (508) 273-7267
Fax No.: (774) 678-0506


## **CERTIFICATE OF SERVICE**

     I, Jordan J. Rodrigues, hereby certify that on August 29, 2024, I electronically filed the foregoing document and attachments with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all parties of record and that paper copies will be sent to those indicated as non-registered participants by first-class mail.

/s/ *Jordan J. Rodrigues*
Jordan J. Rodrigues, Esq.